UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA DELANEY, | : |
| Plaintiff, | : CIVIL ACTION |
| vs. | : |
| | : No.: 17-cv |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | : |
| Defendant. | : |

The Plaintiff, THERESA DELANEY ("DELANEY"), by and through the undersigned counsel, hereby sues the Defendant, The Lincoln National Life Insurance Company ("LINCOLN NATIONAL") and alleges:

### PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. DELANEY was at all times relevant a plan participant under the Special

People in Northeast, Inc's (SPIN); Short-term Disability Group Policy Number 00001020054100000 (the "Plan").

3. Defendant, LINCOLN NATIONAL, is an Indiana Corporation with its principal place of business in Lincoln, NE.

4. LINCOLN NATIONAL is the insurer of benefits under the Plan and acted in the capacity of a claims administrator. As the decision maker and payor of plan benefits, LINCOLN NATIONAL administered the claim with a conflict of interest and the bias this created affected the claims determination.

5. The Plan is, upon information and belief, an employee welfare benefit plan regulated by ERISA, established for employees of SPIN, under which DELANEY was a participant, and pursuant to which DELANEY is entitled to short-term and long-term disability benefits. Pursuant to the terms and conditions of the Plan, DELANEY is entitled to disability benefits for the duration of the Plaintiff's short-term disability and a transition to long-term benefits, for so long as DELANEY remains disabled as required under the terms and conditions of the Plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that LINCOLN NATIONAL is licensed to transact business within the Commonwealth of Pennsylvania. Moreover, at all material times hereto DELANEY both lived and was employed within the Commonwealth of Pennsylvania.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7. DELANEY incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, DELANEY was an employee or former employee of SPIN, and a plan participant under the terms and conditions of the Plan.

9. During the course of DELANEY's employment, DELANEY became entitled to benefits under the terms and conditions of the Plan. Specifically, while DELANEY was covered under the Plan she suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering her disabled as defined under the terms of the Plan.

10. As it relates to DELANEY's current claim for benefits, the short-term disability coverage portion of the Plan defines disability as:

> **TOTAL DISABILITY or TOTALLY DISABLED** means the Insured Person's inability, due to Sickness or Injury, to perform all of the Main Duties of his or her Own Occupation. The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.
>
> **OWN OCCUPATION or REGULAR OCCUPATION** means the occupation, trade or profession:
> (1) in which the Insured Person was employed with the Employer prior to Disability; and
> (2) which was his or her main source of earned income prior to Disability.
>
> It means a collective description of related jobs, as defined by the U.S. Department of Labor Dictionary of Occupational Titles. It includes any work in the same occupation for pay or profit, regardless of:
> (1) whether such work is with the Employer, with some other firm, or on a self-employed basis; or
> (2) whether a suitable opening is currently available with the Employer or in the local labor market.
>
> **MAIN DUTIES or MATERIAL AND SUBSTANTIAL DUTIES** means those job tasks that:
> (1) are normally required to perform the Insured Person's Own Occupation; and
> (2) could not reasonably be modified or omitted.
>
> To determine whether a job task could reasonably be modified or omitted, the Company will apply the Americans with Disabilities Act's standards concerning reasonable accommodation. It will apply the Act's standards, whether or not:
> (1) the Employer is subject to the Act; or
> (2) the Insured Person has requested such a job accommodation.
> An Employer's failure to modify or omit other job tasks does **not** render the Insured Person unable to perform the Main Duties of the job.
>
> Main Duties include those job tasks:
> (1) as described in the U.S. Department of Labor Dictionary of Occupational Titles; and
> (2) as performed in the general labor market and national economy.
> Main Duties are **not** limited to those specific job tasks as performed for a certain firm or at a certain work site.

3

11. Due to restrictions and limitations arising from a physical "sickness", resulting in "disability" from her occupation as an Administrative Assistant, DELANEY made a claim to LINCOLN NATIONAL for benefits under the Plan beginning April 26, 2016.

12. On or about May 6, 2016, LINCOLN NATIONAL notified DELANEY that it was *approving* her application for short-term disability benefits through May 24, 2016.

13. As set forth in the administrative claims file, DELANEY continued to provide LINCOLN NATIONAL with medical records in support of her ongoing disability status.

14. Notwithstanding on August 31, 2016, LINCOLN NATIONAL notified DELANEY that it was *denying* her claim for short-term disability benefits.

15. On or about February 28, 2017, DELANEY timely submitted her first mandatory appeal of LINCOLN NATIONAL's adverse benefit determinations.

16. On or about May 8, 2017, LINCOLN NATIONAL affirmed its adverse determination and upheld its decision to deny DELANEY's short-term disability benefits.

17. The STD Plan required that DELANEY submit a mandatory second appeal to Lincoln National's Appeal Review Unit.

18. On or about August 4, 2017, DELANEY timely submitted her second mandatory appeal of LINCOLN NATIONAL'S adverse benefit determination.

19. On or about August 31, 2017, LINCOLN NATIONAL affirmed its adverse determination and upheld its decision to deny DELANEY's short-term disability benefits.

20. DELANEY has fully complied with filing all mandatory administrative

4

appeals required under the Plan, and exercised the first and second level appeal of her short-term disability claim.

21. LINCOLN NATIONAL breached the Plan and violated ERISA in the following respects:

    a. Failing to pay short-term disability benefits to DELANEY at a time when LINCOLN NATIONAL and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as DELANEY was disabled and unable to work and therefore entitled to benefits.

    b. LINCOLN NATIONAL deprived DELANEY the right to apply the right to apply for long term disability benefits for which she is entitled.

    c. After DELANEY's claim was denied in whole or in part, LINCOLN NATIONAL failed to adequately describe to DELANEY any additional material or information necessary for DELANEY to perfect her claim along with an explanation of why such material is or was necessary.

    d. LINCOLN NATIONAL failed to properly and adequately investigate the merits of DELANEY's disability claim and failed to provide a full and fair review of DELANEY's claims.

22. DELANEY believes and alleges that LINCOLN NATIONAL wrongfully denied her claim for short-term disability benefits under the Plan and denied her the opportunity to apply for long-term benefits, by other acts or omissions of which DELANEY is presently unaware, but which may be discovered in this future litigation and which DELANEY will immediately make LINCOLN NATIONAL aware of once said acts or omissions are discovered by DELANEY.

23. As a proximate result of the aforementioned wrongful conduct of LINCOLN NATIONAL under the Plan, DELANEY has damages for loss of disability benefits which continues through the present and is anticipated to continue into the foreseeable future.

24. As a further direct and proximate result of this improper determination regarding DELANEY's claim for benefits, DELANEY, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), DELANEY is entitled to have such fees and costs paid by LINCOLN NATIONAL.

25. The wrongful conduct of LINCOLN NATIONAL has created uncertainty where none should exist; therefore, DELANEY is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the Plan.

## REQUEST FOR RELIEF

WHEREFORE, THERESA DELANEY prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of short-term disability benefits due Plaintiff;

2. A transition of claim from short-term to long-term benefits. Or alternatively, leave to allow DELANEY to submit an application for long-term benefits.

3. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that short-term benefits are to transition to long-term disability benefits under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

4. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or

submissions are to be considered;

5. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

6. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

7. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN, MOSS, SNYDER & BLEEFELD, LLP

_____
Marc H. Snyder, Esquire
Kellyanne Inservo, Esquire
Attorneys for Plaintiff,
Theresa Delaney